IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-514 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Andre Jacobs ("Jacobs" or plaintiff") in this prisoner civil rights case appeals an order by the magistrate judge denying his motion to compel the production of his medical records from defendants Pete Saavedra ("Saavedra") and Ravindranth Kolli ("Kolli," and together with Saavedra, the "defendants") (Doc. 183), and his motion for discovery in which he seeks to compel the release of his medical records and his entire grievance file from the Pennsylvania Department of Corrections (an entity that is not a party to this lawsuit) (Doc. 187). The magistrate judge ruled that the issue whether defendants should turn over these exhibits was not ripe, "because Plaintiff's claims are untimely, and the preliminary issue before the Court is whether Plaintiff has established that he is entitled to equitably toll the statute of limitations." (Doc. 188). Plaintiff was directed to respond to the defendants' motions for summary judgment <u>only to the extent</u> that defendants challenge plaintiff's entitlement to equitable tolling of the statute of limitations.

Plaintiff's entitlement to toll the statute of limitations is an issue that should be addressed preliminarily in this case. Federal courts may toll statutes of limitations for federal laws where the plaintiff "in some extraordinary way has been prevented from asserting his or her rights."

Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).  Equitable tolling is appropriate in three instances:

> (1) where a defendant actively misleads a plaintiff with respect to h[is] cause of action; (2) where the plaintiff has been prevented from asserting h[is] claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts h[is] claims in a timely manner but has done so in the wrong forum.

Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Here, relying upon the first kind of equitable tolling listed above, plaintiff convinced the court to permit this case to proceed against defendants by alleging that he first became aware of his claims against Kolli and Saavedra in August 2005, after he reviewed his medical records.  Specifically, plaintiff alleged that he was subjected to cruel and unusual punishment due to Saavedra and Kolli giving him medications for a mental condition in 2003 and 2004 when they, in fact, did not believe he had a mental condition (Doc. 117 at 2).  Plaintiff asserts this alleged conduct suggests that Saavedra and Kolli were "experimenting on Plaintiff" (Id.).  The court granted plaintiff's motion for reconsideration and permitted the claim identified by plaintiff, i.e., a claim that defendants prescribed medication for him when they did not, in fact, believe he had a mental condition, to proceed.

Plaintiff filed an amended complaint (Doc. 157) in which he alleges that his claims arise from his "continued housing in the Long Term Segregation Unit ("LTSU")" by Kolli from June 2003 through January 2004, and by Saavedra from January 2004 through January 2007 (Doc. 157, ¶ 12).  Plaintiff alleges that he "continually challenged the conditions in the LTSU" and "filed grievances against Defendants Saavedra and Kolli." (Id.).  Saavedra and Kolli are alleged to have "condoned housing" plaintiff in the LTSU even though they were aware of his mental illness, classified plaintiff as a "faker," and "deliberately underdiagnosed [sic]" plaintiff in order to keep him in the LTSU (Id., ¶ 23).  Defendants are alleged to have "routinely" divulged

2

privileged information about plaintiff's mental condition to other prison staff and prisoners, and Saavedra is alleged to have improperly ordered plaintiff placed in four-point restraints in June 2004, and injected him with Haldol "involuntarily" at this same time after plaintiff set off the water sprinkler in his cell (Id. ¶¶ 28-35).  In August 2004, another inmate was accused of the same conduct, but was not placed in four-point restraints or administered medication.  Plaintiff confronted Saavedra about this difference in treatment and Saavedra told him not to complain and that plaintiff is "nothing but a lab-rat" (Id. ¶¶ 35-36).

Plaintiff sets forth eight claims for relief, one of which is premised upon Saavedra's actions in June 2004, when plaintiff was placed in restraints and involuntarily administered medication.  This claim is clearly time-barred, and plaintiff's assertion of equitable tolling cannot make it timely because all relevant facts where clearly available to plaintiff at the time of the events.

Kolli filed a motion for summary judgment (Doc. 175) asserting, *inter alia*, that plaintiff is not entitled to equitable tolling of his claims.  Saavedra filed a motion for summary judgment (Doc. 178) and also asserts that plaintiff's claims are time-barred.  Both defendants challenge plaintiff's assertion that any relevant facts were concealed from him, and both assert that Jacobs was clearly aware of their view that he did not have a mental illness long prior August 2005.  Defendants are entitled to test plaintiff's allegation that he only discovered defendants' view of his mental condition in August 2005, and they have done so through their motions for summary judgment by asserting that plaintiff either was, or should have been, aware of his claims long before that time.

Plaintiff objects that he has been denied discovery necessary for him to respond to defendants' motions for summary judgment.  He asserts a need for his medical records for the

period prior to August 2005.  Although plaintiff does not expressly rely upon Federal Rule of Civil Procedure 56(f), his asserted inability to respond to the pending motions for summary judgment makes that rule relevant.  Rule 56(f) permits the court to grant extensions of time to respond to summary judgment motions if a party opposing summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  FED. R. CIV. P. 56(f).  Here, Jacobs has made clear that he wants his medical records, but he did not establish an inability to present facts in opposition to the issue of equitable tolling raised in the motions absent such records.

The facts necessary to determine plaintiff's assertion that he is entitled to equitable tolling are: (1) what information concerning plaintiff's medical treatment was available to plaintiff prior to August 2005; and (2) the information plaintiff discovered in August 2005.  Plaintiff is clearly able to present an affidavit concerning the information he allegedly "discovered" in August 2005 when he reviewed his medical records.  As the magistrate judge noted, plaintiff already offered deposition testimony and an affidavit with respect to these factual assertions.  Therefore, plaintiff can provide the court the facts he relies upon concerning his assertion of fraudulent concealment.  At this time the actual medical records are not relevant to "justify his opposition" to defendants' motions for summary judgment given that a response is required only with respect to the issue of equitable tolling.

AND NOW, this 19th day of February, 2010,

IT IS HEREBY ORDERED that plaintiff's objections and appeal from the Order of January 8, 2010 (Doc. 189) are OVERRULED and DISMISSED because the magistrate judge's decision is neither erroneous nor contrary to law.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time (Doc. 190) is GRANTED.  Plaintiff shall respond to the statute of limitations arguments in the pending motions for summary judgment, and specifically should present all evidence he has concerning his entitlement to equitable tolling of the statute of limitations, on or before March 17, 2010.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file response under seal (Doc. 191) is GRANTED.

    /s/Joy Flowers Conti
JOY FLOWERS CONTI
UNITED STATES DISTRICT JUDGE

**cc:**
**ANDRE JACOBS**
DQ5437
SCI Dallas
1000 Follies Road
Dallas, PA 18612