# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-514 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

The complaint filed by Andre Jacobs ("Jacobs" or "plaintiff") pursuant to 42 U.S.C. §1983 was received by the court on April 19, 2007, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. The case was later referred to another magistrate judge.

The magistrate judge's Report and Recommendation, filed on May 25, 2010, recommended that the Motions for Summary Judgment filed by the only two defendants remaining in this action, defendants Doctors Kolli and Saavedra, be granted (Docket No. 198). Plaintiff filed timely objections (Docket No. 200) wherein he raises arguments already appropriately addressed by the magistrate's report. More specifically, the court already determined that plaintiff's claims were untimely unless he is entitled to tolling of the statute of limitations. The magistrate judge correctly concluded that plaintiff is not entitled to tolling because he was aware, or should have been aware, of all facts necessary to place him on notice of his claims more than two years prior to the time he filed this lawsuit. Plaintiff's argument that he only became of aware of his claims when he reviewed his medical file in August 2005 was properly rejected.

With respect to the claims raised by plaintiff, the claim that he argued the most strenuously in his objections is the claim that he was subjected to "experimentation" by defendants Doctors Kolli and Saavedra and that he only learned about the experiments from the evidence he discovered for the first time in August 2005. While the court adopts the magistrate judge's conclusion that plaintiff should have been on notice of this claim prior to August 2005, defendants are entitled to summary judgment for the additional reason that plaintiff failed to present evidence from which a jury could conclude that any experimentation took place.

Defendants Doctors Kolli and Saavedra challenge Jacob's factual assertion that they conducted experiments upon him. In the statement of facts submitted by Dr. Kolli he refers to specific exhibits which reflect the extensive medical history showing that plaintiff received care and monitoring for his mental condition while incarcerated (Docket No. 177). Dr. Kolli references the treatment notes showing that plaintiff was prescribed two medications appropriate for his behavioral condition, and he submits that plaintiff offered only "conclusory accusations" that the treatment provided was a means of experimentation (Id. ¶¶ 11-12; Docket No. 176 at 24-25). Dr. Saavedra provided an affidavit stating that plaintiff was provided "medically appropriate" care and treatment that fell "within the standard of care" at all relevant times (Docket No. 178-11 at 3). Dr. Saavedra further stated that he provided treatment to plaintiff that "was the most medically appropriate for his condition under the circumstances," and that he relied on his "best medical judgment" in providing medical care (Id.).

Plaintiff's burden in responding to a well-pled summary judgment motion is to put forward "specific facts showing that there is a *genuine issue for trial*." FED. R. CIV. P. 56(e) (emphasis added). Plaintiff failed to do so. During his deposition, Jacobs stated generally that his medical records support his experimentation claim, but he did not identify any specific

portions of his medical records that contain notations or indications that experimentation was taking place (Docket No.175-4 at 30). The court reviewed the medical records submitted by the parties and can find no indication that defendants Doctors Kolli and Saavedra were engaged in experimentation when they treated plaintiff. Plaintiff failed to meet his burden under Rule 56(e), and the defendants' motions concerning the experimentation claim should be granted on this additional basis. See Brown v. Pa. Dept. of Corrections, 290 F.App'x 463, 466 n.5 (3d Cir. 2008) (with respect to claim that administration of drugs to prisoner in LTSU was "experiment" the defendant failed to submit evidence supporting the claim).

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and the objections thereto, and on the basis of additional analysis set forth above, the following order is entered:

**AND NOW**, this 16th day of August, 2010,

**IT IS HEREBY ORDERED** that the Motions for Summary Judgment filed by Defendants Kolli and Saavedra (Docket Nos. 175 and 178) are GRANTED.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Bissoon (Docket No. 198), dated May 25, 2010, is adopted as the opinion of the court.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Court Judge

cc:
**ANDRE JACOBS**
DQ5437
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866